Becker v. State










COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ROBERT BOSCH CORPORATION,


 Appellant,


v.


JUAN ALVAREZ AND INMOBILIARIA
AXIAL, S.A. DE C.V.,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 

No. 08-02-00336-CV



Appeal from the


County Court at Law No. 3 



of El Paso County, Texas


(TC# 97-3313)




M E M O R A N D U M O P I N I O N


 Pending before the Court is a joint motion to vacate the trial court's judgment, release
Appellant and the corporate security from any further obligations on the supersedeas bond
and to dismiss the case with prejudice. The parties have filed this motion pursuant to Tex.
R. App. P. 42.1, which states that:

 (a) On Motion or By Agreement. The appellate court may dispose
of an appeal as follows:


 (1) On Motion of Appellant. In accordance with a motion of
appellant, the court may dismiss the appeal or affirm the
appealed judgment or order unless disposition would prevent
a party from seeking relief to which it would otherwise be
entitled.




 (2) By Agreement. In accordance with an agreement signed
by the parties or their attorneys and filed with the clerk; the
court may:


 (A) render judgment effectuating the parties'
agreements;


 (B) set aside the trial court's judgment without
regard to the merits and remand the case to the
trial court for rendition of judgment in
accordance with the agreements; or


 (C) abate the appeal and permit proceedings in
the trial court to effectuate the agreement.


 The parties have settled all matters in controversy. By their motion, the parties have
agreed that the underlying judgment should be vacated and a judgment of dismissal with
prejudice should be rendered. The parties also agree that Appellant and the corporate surety
on the supersedeas bond, Safeco Insurance Company of America, should be released from
any further obligations on the bond. Pursuant to Rule 42.1(a)(2)(A), we grant the joint
motion, vacate the trial court's judgment, release Appellant and the corporate surety from
their obligations on the supersedeas bond, and render a judgment of dismissal with prejudice.
The parties' motion does specify that the parties have reached an agreement regarding costs.
Accordingly, costs are taxed against Appellant. See Tex. R. App. P. 42.1(d).

February 24, 2004


 _____________________________________ 
RICHARD BARAJAS, Chief Justice



Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.